No. 902

SZABADSAG PUBLISHING CO. v. LAKEWOOD COUNTRY CLUB

No. 20013. Supreme Court

On motion to certify. Dock. July 27, 1926; 4 Abs. 525.

313. CORPORATIONS—Where the president of a Country Club who is in active charge of the corporation orders a club paper printed is the Country Club liable upon a suit on an account, when the president did not obtain authority from the Board of Directors?

This action was filed originally in the Municipal Court of Cleveland by The Szabadsag Printing & Publishing Company against the Lakewood Country Club Company on an account the subject of which was the printing of a country club publication.

It appears that the president of the Country Club assured the Publishing Company that an employee of the Country Club had authority to make the order and instructed the Publishing Company as follows: "Yes, go ahead with the job, that is all O. K."

The judgment of the Municipal Court in favor of the Publishing Company was reversed by the Court of Appeals on the theory that the president was not authorized to bind the company and that this contract was merely a personal obligation.

The Publishing Company in the Supreme Court contends:

1. That it is not necessary for the Board of Directors of a corporation to specifically authorize the prseident to enter a contract similar to the one in question.

2. That the act of the president under the circumstances would bind the corporation.

Attorneys—D. J. Miller and F. W. Emslie for Publishing Co.; Davis, Young & Vrooman for Country Club; all of Cleveland.

---

No. 903

HICKMAN et v. XENIA (City)

Nos. 20014-16. Supreme Court

On motion to certify. Dock. July 28, 1926; 4 Abs. 525.

797. MUNICIPAL CORPORATIONS—May a city charter constitutionally authorize the appointment of a Police Judge by the commission?

Jennie Hickman, Louis Overstreet and John Allen brought these actions originally in the Greene Common Pleas against the City of Xenia to recover back a fine paid which was assessed by a Police Judge in said city.

It appears that the charter of the city provided for the appointment of a Police Judge who was to have the authority, jurisdiction, and powers of a mayor of other municipalities.

The judgment of the Common Pleas in sustaining a demurrer to Hickman's petition was affirmed by the Court of Appeals.

Hickman et in the Supreme Court contends: that the provision of the charter providing for the appointment of a Police Judge was unconstitutional and therefore void and that the city commission therefore had no authority to appoint a Police Judge and that the acts of said Police Judge were of no effect.

Attorneys—F. L. Johnson for Hickman et; J. A. Finney for City; both of Xenia.

---

No. 904

SMITH v. VOSS

No. 20017. Supreme Court

On motion to certify; Dock. July 28, 1926; 4 Abs. 525.

297. CONTRACTS—Is agreement of one to make home and care for people of such an intimate relation that damages for breach thereof cannot be measured by pecuniary standards?

The question herein involved is, under a contract where one agrees to make a home for promisor and wife in consideration that they will certain property to promisee, of such intimate character that breach thereof cannot be measured in pecuniary standards and is promsee entitled to conveyance before death of promisor?

Attorneys—Calfee, Fogg & White for Smith. Klein, Harris & Diehm for Voss; all of Cleveland.